IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE PETERS,<br><br>              Plaintiff,<br><br>    v.<br><br>PFIZER INC., et al.,<br><br>              Defendants. | NO. C14-1196 TEH<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION TO STAY AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO REMAND |

       This matter has been conditionally transferred to Multidistrict Litigation ("MDL") Docket No. 2502, *In re: Lipitor (Atorvastatin Calcium) Marketing, Sales Practices and Products Liability Litigation (No. II)*. Defendant Pfizer Inc. has moved to stay all proceedings pending final MDL transfer and pending the Ninth Circuit's en banc decision in *Romo v. Teva Pharmaceuticals USA, Inc.*, Case No. 13-56310, and *Corber v. Xanodyne Pharmaceuticals, Inc.*, Case No. 13-56306.

       Plaintiff Annette Peters has filed a motion to remand, which raises issues that do not appear to be unique to this case. Indeed, nearly identical motions have been filed in three cases pending before other judges in this district. *Little v. Pfizer Inc.*, Case No. 14-1177 EMC, ECF No. 24-1 (filed in conjunction with motion to shorten time); *Rouda v. Pfizer Inc.*, Case No. 14-1195 JST, ECF No. 18; *Davis v. Pfizer Inc.*, Case No. 14-1201 SI, ECF No. 15. All three cases have also been conditionally transferred to MDL Docket No. 2502.

       Courts have inherent power to control their own dockets, including the power to stay proceedings in the interests of judicial economy. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). When considering a motion to stay pending possible MDL transfer, courts consider several factors, including: "(1) conserving judicial resources and avoiding duplicative litigation; (2) hardship and inequity to the moving party if the action is not stayed; and

(3) potential prejudice to the non-moving party." *In re Apple iPhone Application Litig.*, Case No. 10-CV-05878-LHK, 2011 WL 2149102, at *2 (N.D. Cal. May 31, 2011).

Upon careful consideration, the Court finds that a stay pending final MDL transfer is in the interests of judicial economy, and it does not appear that a stay will cause prejudice to either party. The issues raised by Peters in her motion to remand are not unique to this case and, if these cases are transferred to the MDL court, would be better addressed in those proceedings by a single judge. Accordingly, IT IS HEREBY ORDERED that Pfizer's motion to stay is GRANTED IN PART. This case is hereby stayed pending further consideration by the Judicial Panel on Multidistrict Litigation ("JPML") of whether this case should be transferred to the MDL court.

Pfizer's motion to stay is DENIED as to the pending en banc Ninth Circuit cases, without prejudice to raising the issue again either before the MDL court or before this Court if the case is not transferred. If the case is not transferred, Pfizer shall, within fourteen days of the order declining transfer, file a renewed motion to stay or a statement that it does not intend to seek a further stay of these proceedings.

In light of the stay, Peters's motion to remand is DENIED without prejudice. Peters may re-file her motion before the MDL court or, if the case is not transferred, before this Court after the stay has been lifted.

**IT IS SO ORDERED.**

Dated: 03/27/14

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT